Evans, J.
Action of foreclosure of a chattel mortgage. The mortgage was given to secure a note for $250, being the purchase price of the property covered by the mortgage. The property so purchased and mortgaged was a self-feeding attachment to a threshing machine. The defendant admitted the execution of the note and mortgage, but averred that the consideration had failed and that the property was worthless. The defendant • also pleaded a warranty and a breach thereof. But he pleaded no damages, nor did he plead a rescission. His sole reliance seems to be placed on the proposition that the property was worthless. The only question submitted for our consideration is one of fact, viz., whether under the evidence the property in question should be deemed as of no value. The trial court found for the plaintiff for the full amount of his note, and entered a decree of foreclosure of the mortgage.
We have read the evidence with care, and find no ground for interference. The most that can be said favorable to the defendant’s case is that the evidence might support a finding that the machine in question was worth less that the amount paid for it. But the evidence lends no fair support to the contention that the property was worthless. If there was a breach of warranty, as defendant contends, he could have rescinded the sale because thereof, or he could have claimed damages for the breach. He did neither. It is needless, therefore, for us to determine or inquire whether there was in fact any breach of warranty. Defendant set up a second count in his answer, whereby he claimed various items for expense and damage resulting to him as incidental to the alleged breach of war *178 ranty. These 'were all disallowed. These are not discussed in appellant’s argument, though referred to in his statement of facts.
The conclusions of the trial court are amply sustained by the evidence. The decree entered below must therefore be affirmed.